Tracey Sasser, Associate General Counsel (not admitted in the State of New York)
Samuel M. Forstein, Assistant General Counsel (not admitted in the State of New York)
Kevin D. Solonsky, Senior Counsel (admitted pro hac vice)
Securities and Exchange Commission
Office of the General Counsel
100 F Street NE
Washington, DC 20549
Tel.: 202-551-5014 (Solonsky)
Fax: 202-772-9263
Solonskykd@sec.gov

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERRAFORM LABS PTE LTD., DO KWON, | |
| Plaintiffs, | Hon. J. Paul Oetken |
| v. | 1:21-cv-08701-JPO |
| SECURITIES AND EXCHANGE COMMISSION, | |
| Defendant. | |

## SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### INTRODUCTION

Plaintiffs Terraform Labs Pte Ltd. ("Terraform") and Do Kwon filed a complaint against the Securities and Exchange Commission ("SEC") seeking to quash administrative subpoenas issued by SEC Staff ("Staff") to obtain documents from them in connection with an SEC investigation. The SEC moves to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), because the SEC has sovereign immunity from Plaintiffs' claims and its sovereign immunity has not been waived.

## BACKGROUND

### I.        Staff serves administrative subpoenas in connection with SEC investigation.

Staff is conducting an investigation entitled, *In the Matter of Mirror Protocol* (HO-14164) ("Mirror Protocol Investigation"). *Complaint* at ¶ 8.[1] In July 2021, in connection with this investigation, Staff requested from Plaintiffs, through Plaintiffs' counsel, a voluntary production of documents. *Id.* at ¶ 12. On September 17, Staff issued an administrative subpoena to each of Kwon and Terraform. *Id.* at ¶ 15. On September 20, a process server personally served Kwon with the two subpoenas when he was in New York City for a conference. *Id.* at ¶¶ 16-17. That same day, Staff sent the subpoenas to counsel for Plaintiffs. *Id.* at ¶ 16.

Terraform is a Singapore-based computer company. Complaint at ¶ 2. Kwon founded Terraform and serves as Terraform's Chief Executive Officer. *Id.* at ¶ 3.

### II.       Plaintiffs file complaint against SEC to quash the subpoenas and SEC files subpoena enforcement action against Plaintiffs.

On October 22, 2021, Plaintiffs filed the present complaint against the SEC seeking to quash the subpoenas served on Kwon and Terraform. *Complaint* at 11. The complaint avers that the subpoenas should be quashed because the issuance and service of the subpoenas violates the Due Process Clause of the 14th Amendment, the Administrative Procedure Act, and the SEC Rules of Practice. *Id.* at ¶¶ 1, 5, 18. The complaint alleges that the subpoenas are invalid because service on Kwon: (1) "was intended to impermissibly secure personal jurisdiction over" Plaintiffs; and (2) violated Rule 150(b) of the SEC Rules of Practice which provides that "[w]henever service is required to be made upon a person represented by counsel who has filed a

---

[1] For purposes of this motion only, the SEC treats all material facts alleged in the complaint as true. *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992) ("In considering a motion to dismiss for lack of subject matter jurisdiction, we accept as true all material factual allegations in the complaint.").

notice of appearance pursuant to Rule 102, service shall be made pursuant to paragraph (c) of this rule upon counsel, unless service upon the person represented is ordered by the Commission or the hearing officer." *Id.* at ¶¶ 18, 21-24, 26-32, 37-39. The complaint also alleges that the SEC violated Rule 203.5 of the SEC Rules of Practice when it purportedly failed to maintain the confidentiality of the Formal Order of Investigation in serving Kwon. *Id.* at ¶¶ 1, 25, 33-36.

The complaint's jurisdictional section states that "[t]his action arises under the Due Process Clause, the Administrative Procedure Act ("APA"), and the 34' Act. Jurisdiction therefore lies in this Court under 28 U.S.C. 1331. *See also* [APA,] 5 U.S.C. 704." *Complaint* at ¶ 5. The complaint also cites to APA Section 702, which governs who may challenge an agency action. *Id.* at ¶¶ 32, 36, 41.

On November 12, 2021, the SEC filed an application in this Court to enforce compliance with the subpoenas issued to Plaintiffs. *See* Application for an Order Requiring Compliance with Subpoena, *SEC v. Terraform Labs PTE Ltd., et al.*, No. 1:21-mc-00810-JPO, ECF No. 1. On December 17, Plaintiffs filed an opposition to the application.

## ARGUMENT

I. **Plaintiffs bear the burden of proving subject matter jurisdiction by demonstrating a clear waiver of sovereign immunity.**

Plaintiffs bear the burden of proving subject matter jurisdiction in response to a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1). *Aurechionne v. Schoolman Transp. System, Inc.*, 426 F.3d 635, 638 (2d Cir 2005) ("plaintiff bears the burden of proving subject matter jurisdiction"); *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008) ("Each factual issue necessary to support subject matter jurisdiction 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof'").

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F. 3d 110, 113 (2d Cir. 2000). Although "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," *id.* (*citing Natural Res. Def. Council v. Johnson,* 461 F.3d 164, 171 (2d Cir. 2006)), "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.* (citing *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir. 1998)).

The United States, "as sovereign, is immune from suit save as it consents to be sued * * * and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). Consent to be sued is a prerequisite to subject matter jurisdiction over any claim against the United States, its agencies, or officials. *See United States v. Orleans*, 425 U.S. 807, 814 (1976); *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *see also SEC v. Indep. Drilling Corp.*, 595 F.2d 1006, 1008 (5th Cir. 1979) (doctrine of sovereign immunity applies to the SEC).

Waiver of the government's sovereign immunity must be "expressed in unequivocal statutory text and cannot be implied" and "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Plaintiffs "bear[] the burden of showing an unequivocal waiver of immunity." *Glob. Fin. Corp. v. United States*, 67 F. App'x 740, 742 (3d Cir. 2003) (*quoting Baker v. United Stat*es, 817 F.2d 560, 562 (9th Cir.1988), *cert. denied*, 487 U.S. 1204 (1988)); *Paradyne v. U.S. DOJ*, 647 F. Supp. 1228, 1231 (D.D.C. 1986).

II.     <u>**The APA does not waive sovereign immunity from Plaintiffs' claims.**</u>

The only provision that Plaintiffs' complaint cites to that waives sovereign immunity is Section 702 of the APA.[2] This Circuit has recognized, however, that Section 702 does not waive the SEC's sovereign immunity for challenges to SEC administrative subpoenas and that judicial review of SEC administrative subpoenas is limited to subpoena enforcement actions brought by the SEC. *Sprecher v. Graber*, 716 F.2d 968, 975 (2d Cir. 1983). This Court, therefore, lacks subject matter jurisdiction over the complaint.

Section 702 may be invoked as a basis for subject matter jurisdiction when a party claims that "an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority" and seeks non-monetary relief against the United States. 5 U.S.C. § 702. Congress, however, limited this waiver by expressly providing that: "[n]othing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." *Id.*

*Sprecher* recognized that judicial review of SEC administrative subpoenas should be limited to subpoena enforcement actions. Section 78u(c) is "the exclusive method by which the validity of SEC investigations and subpoenas may be tested in the federal courts." *Sprecher*, 716 F.2d at 975 (2d Cir. 1983); *see also Arjent LLC v. SEC*, 7 F. Supp. 3d 378, 383 (S.D.N.Y. 2014)

---

[2] Plaintiffs also refer to 28 U.S.C. § 1331 (the federal jurisdictional statute) and the Exchange Act in their jurisdictional statement, but these statutes do not waive sovereign immunity. *See Indus. Highway Corp. v. Danielson*, 796 F. Supp. 121, 125 (D.N.J. 1992), *aff'd*, 995 F.2d 217 (3d Cir. 1993) ("Section 1331, the federal question statute, does not in itself abrogate the United States' sovereign immunity."); *First Jersey Secs., Inc. v. SEC*, 553 F. Supp. 205, 209 (D.N.J. 1982) ("the procedures established for review of SEC actions deprive this court of jurisdiction over suits that seek to interrupt the agency proceedings").

(*discussing Sprecher*); *Moya v. U.S. Department of Homeland Security*, 975 F.3d 120 (3d Cir. 2019) ("APA suits are subject to 'statutes preclud[ing] judicial review' * * *. 5 U.S.C. § 701(a)(1)."). This Circuit explained in *Sprecher* that "the proviso to Section 702 expressly preserves existing 'limitations upon judicial review.'" *Sprecher*, 716 F.2d at 974.

Because Congress strictly limited the APA's waiver of sovereign immunity, actions challenging SEC subpoenas "are barred by the doctrine of sovereign immunity." *Sprecher*, 716 F.2d at 975. As this Circuit recognizes, "[a] district court has no jurisdiction to award non-monetary relief against an agency on a claim that it is conducting an improper investigation where another statute provides an exclusive avenue of redress, or where the action complained of is committed to agency discretion. The exclusive method for testing the validity of the SEC's investigatory *motives or methods* is a contested subpoena enforcement proceeding * * *." *Sprecher v. Von Stein*, 772 F.2d 16, 18 (2d Cir. 1985) (*emphasis added*) (*internal citations omitted*).[3]

Plaintiffs cannot circumvent *Sprecher* by raising a constitutional challenge. Although in some situations, courts have allowed constitutional claims to proceed without compelling a

---

[3] Plaintiffs also cannot rely on APA Section 704 to establish subject matter jurisdiction. Section 704 states that an "[a]gency action made reviewable by statute and final agency action for which there is no adequate remedy in a court [is] subject to judicial review." 5 U.S.C. § 704. Plaintiffs, however, are not challenging an agency action made reviewable by statute because the federal securities laws do not provide for actions brought by subpoena recipients. *See Sprecher*, 716 F.2d at 975; *Arjent*, 7 F. Supp. 3d at 383. Plaintiffs also are not challenging a final agency action for which there is no adequate remedy in court as Plaintiffs have an adequate remedy – defending themselves in the subpoena enforcement action. Also, to be considered a "final" agency action, an agency decision must "impose an obligation, deny a right, or fix some legal relationship as a consummation of the administrative process." *See Bennett v. Spear*, 520 U.S. 154, 178 (1997) (*citation omitted*) (no final agency action occurs unless the action is "one by which rights or obligations have been determined or from which legal consequences flow"). SEC subpoenas, however, are interlocutory, non-final agency actions because they are not self-enforcing. *Blinder, Robinson & Co. v. SEC*, 692 F.2d 102, 106 (10th Cir. 1982).

plaintiff to rely on a statutory review procedure, the requisites for circumvention are not present here. In *Free Enterprise Fund v. Public Co. Accounting Oversight Bd.*, 561 U.S. 477 (2010), the Supreme Court identified three factors a party must satisfy to bring a claim without relying on statutory review procedures: (1) "a finding of preclusion could foreclose all meaningful judicial review"; (2) "the suit is wholly collateral to a statute's review provisions"; and (3) "the claims are outside the agency's expertise." *Free Enterprise*, 561 U.S. at 489 (quoting *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 212-13 (1994)) (internal quotation marks omitted); *see also Arjent*, 7 F.Supp.3d at 383.

Here, Plaintiffs cannot establish any of the three required elements. First, Plaintiffs are not precluded from "all meaningful judicial review."  Plaintiffs can challenge and indeed have challenged the subpoenas at issue in the pending subpoena enforcement action. Second, Plaintiffs' claims are not "wholly collateral to" the Exchange Act's statutory review provisions. Rather, the complaint is focused on the SEC's use of its investigative power, which courts can review in a subpoena enforcement action. Third, far from being outside the SEC's expertise, the claims raised by Plaintiffs involve matters that go to the heart of SEC expertise as they are directed at how the SEC conducts investigations and compliance with the SEC's own Rules of Practice. Accordingly, *Free Enterprise* cannot provide a basis for the Court to exercise jurisdiction over Plaintiffs' claims.

## **CONCLUSION**

For the foregoing reasons, this Court should dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Date:   December 27, 2021                     /s/ Kevin Solonsky
                                              Kevin Solonsky
                                              Senior Counsel