**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

TERRAFORM LABS PTE LTD. and DO KWON,

        *Plaintiffs,*

v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        *Defendant.*

Hon J. Paul Oetken

Case No. 1:21-cv-08701-JPO

---

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
THE SECURITIES AND EXCHANGE COMMISSION'S MOTION
TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**ORAL ARGUMENT REQUESTED**

Douglas W. Henkin
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 768-6832
Fax: (212) 768-6800
douglas.henkin@dentons.com

Stephen J. Senderowitz
DENTONS US LLP
233 S. Wacker Drive
Chicago, Illinois 60606
Tel: (312) 876-8141
Fax: (312) 876-7934
stephen.senderowitz@dentons.com

*Counsel for Plaintiffs Terraform Labs PTE,
Ltd. and Do Kwon*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ........................................................................................................................ 2

ARGUMENT .............................................................................................................................. 4

I.     The Court Has Federal Question Jurisdiction Because Plaintiffs Have Asserted Claims Arising Under The APA And The Due Process Clause………………………………….. 4

II.    The APA Waives SEC Immunity From Plaintiffs' Claims……………………………… 6

III.   *Sprecher v. Graber* Is No Longer Good Law And, In Any Event, Is Inapplicable To This Case…………………………………………………………………………………….. 8

CONCLUSION ......................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brezler v. Mills*,
   220 F. Supp. 3d 303 (E.D.N.Y. 2016) ...............................................................................5

*Calderon v. Sessions*,
   330 F. Supp. 3d 944 (S.D.N.Y. 2018) ................................................................................6

*Cherokee Nation of Oklahoma v. Babbitt*,
   117 F.3d 1489 (D.C. Cir. 1997) .........................................................................................1

*County of Sacramento v. Lewis*,
   523 U.S. 833 (1998) ...........................................................................................................6

*Darby v. Cisneros*,
   509 U.S. 137 (1993) .........................................................................................................10

*Fed. Defs. of New York, Inc. v. Fed. Bureau of Prisons*,
   954 F.3d 118 (2d Cir. 2020) ...........................................................................................4, 6

*Free Enterprise Fund v. Public Co. Accounting Oversight Bd.*,
   561 U.S. 477 (2010) (cited at Motion 7) ............................................................................8

*Gupta v. SEC*,
   796 F. Supp. 2d 503 (S.D.N.Y. 2011) .............................................................................4, 7

*Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*,
   567 U.S. 209 (2012) .......................................................................................................7, 11

*Miami-Luken, Inc. v. United States Department of Justice*,
   No. 1:16-mc-012, 2016 WL 3855205 (S.D. Ohio July 15, 2016) .......................................5

*Sackett v. E.P.A.*,
   566 U.S. 120 (2012) .......................................................................................................7, 11

*Sameena Inc. v. U.S. Air Force*,
   147 F.3d 1148 (9th Cir. 1998) ............................................................................................6

*Sharkey v. Quarantillo*,
   541 F.3d 75 (2d Cir. 2008) ..............................................................................................4, 6

*In re South African Apartheid Litigation*,
   15 F.Supp.3d 454 (S.D.N.Y. 2014) ....................................................................................9

*Sprecher v. Graber*,
   716 F.2d 968 (2d Cir. 1983)................................................................................................ *passim*

*Sprecher v. Von Stein*,
   772 F.2d 16 (2d Cir. 1985)........................................................................................................12

*Wojchowski v. Daines*,
   498 F.3d 99 (2d Cir. 2007)....................................................................................................9, 10

*In re Zarnel*,
   619 F.3d 156 (2d Cir. 2010).........................................................................................................9

**Statutes**

5 United States Code
   § 551(1).........................................................................................................................................1
   § 555(c).........................................................................................................................................6
   § 555(d)......................................................................................................................................6, 8
   § 701(a)(1) ...................................................................................................................................7
   § 702................................................................................................................................... *passim*
   § 704.............................................................................................................................................5

15 United States Code
   § 78u.............................................................................................................................................7
   § 78d.............................................................................................................................................1

28 United States Code
   § 1331......................................................................................................................................4, 8

42 United States Code
   § 405.............................................................................................................................................8

**Rules and Regulations**

17 Code of Federal Regulations
   201.150(b)...........................................................................................................................4,5,6
   201.232(c) ....................................................................................................................................5

Plaintiffs Terraform Labs PTE Ltd. ("TFL") and Do Kwon respectfully submit this memorandum of law in opposition to the Motion to Dismiss for Lack of Subject Matter Jurisdiction by defendant United States Securities and Exchange Commission ("SEC") (ECF No. 22).

## PRELIMINARY STATEMENT

The SEC is an executive agency that is bound by the Administrative Procedure Act ("APA"), the Securities Exchange Act of 1934 ("'34 Act"), and its own rules. *See* 15 U.S.C. § 78d; 5 U.S.C. § 551(1); *Cherokee Nation of Oklahoma v. Babbitt,* 117 F.3d 1489, 1499 (D.C. Cir. 1997). If the SEC is doing its job and playing by its own rules, it has nothing to fear from an Article III court reviewing its behavior to determine if it has acted in compliance with its obligations under the law.

Comparing what this case is and is not about explains why the SEC's motion fails:

| What This Case *Is* About | What This Case Is *Not* About |
|---|---|
| Did the SEC follow the APA and its own rules regarding how process can be served in conformance with the law and the SEC's rules? | Can the SEC investigate issues relating to the Mirror Protocol? |
| Did the SEC violate the Due Process Clause of the Fifth Amendment? | Should the SEC investigate issues relating to the Mirror Protocol? |
| | What should the outcome of any SEC investigation be? |
| | Are any specific parts of the subpoenas at issue appropriate (*i.e.*, overbroad or unduly burdensome)? |
| | Should any SEC investigation or enforcement action be enjoined? |
| | Did the SEC breach an alleged contract? |
| | Did the SEC engage in alleged harassment? |

Congress specifically committed the issues in the left-hand column to review by Article III courts, and they are issues of first impression: Despite what the SEC asserts, no Article III court

1

has addressed them before this case. In particular, *Sprecher v. Graber*, 716 F.2d 968 (2d Cir. 1983), did not address either question — that case, and the others cited by the SEC, addressed issues in the right-hand column, none of which are present here. None of the cases the SEC cites applies.

The SEC asserts that this Court lacks jurisdiction because, the SEC claims, it has sole control over whether, where, and when any questions can be asked about its behavior. That is not how systems of laws work. When the question is whether the SEC complied with the Constitution, the APA, its organic statute, and the rules it promulgated to govern its own behavior, there must be an opportunity for those with standing — *which the SEC does not contest TFL and Mr. Kwon have* — to test that behavior through a process not controlled by the SEC itself. The facts and relevant rules are not complex, and addressing TFL and Mr. Kwon's claims does not require any interference with any SEC investigation. For the reasons set forth herein, the SEC's motion to dismiss should be denied.

## BACKGROUND[1]

Since approximately May 2021, SEC staff has been investigating the Mirror Protocol, a decentralized finance protocol built on Terra, a decentralized and open-source public blockchain network. Compl. ¶ 7. TFL developed the protocol and the blockchain but neither it nor its CEO Mr. Kwon control the Mirror Protocol or Terra. *Id.*

On May 24, the SEC staff contacted Mr. Kwon by email regarding the Mirror Protocol investigation. *Id.* ¶ 8. Because Mr. Kwon and TFL are both based outside the United States, they are beyond the SEC's subpoena power. *Id.* ¶¶ 2–3. The SEC staff therefore requested their

---

[1] For a more detailed account of the events leading to this litigation, TFL and Mr. Kwon respectfully refer the Court to their memorandum of law in opposition to the SEC's application to enforce the subpoenas in the related proceeding. *See SEC. v. Terraform Labs PTE, LTD*, No.: 21-mc-00810-JPO (Dec. 17, 2021), ECF No. 18 at 4–8.

voluntary cooperation.  *Id.* ¶ 8.  Mr. Kwon and TFL agreed to cooperate on a purely voluntary basis, specifically reserving their personal jurisdiction objections, and retained Dentons US LLP to represent them in the investigation.

Three days later, Dentons contacted the SEC staff and notified them that it represents Mr. Kwon and TFL in the Mirror Protocol investigation.  *Id.* ¶ 9.  After multiple conversations, the Dentons and SEC attorneys negotiated a proffer agreement; Mr. Kwon agreed to be interviewed for three hours, and the SEC agreed that his statements could not be used against him or TFL in any enforcement action.  *Id.* ¶ 10.

On July 8, the SEC staff interviewed Mr. Kwon for five hours regarding the Mirror Protocol.  *Id.* ¶ 10.  During the interview, Mr. Kwon was represented by Dentons.  *Id.* ¶ 11.

Subsequent to the interview, the SEC staff contacted Dentons with requests for documents and asked if Dentons' clients would agree to produce responsive material.  *Id.* ¶ 12.  Dentons explained to the SEC staff that the requests were overbroad and otherwise defective.  *Id.* Discussions on the document requests and related issues thereafter ensued between the parties.  *Id.* ¶¶ 12–13.  On September 17, Dentons again spoke with the SEC staff.  *Id*. ¶ 14.  The SEC staff made no mention of the subpoenas it had issued just that morning for TFL and Mr. Kwon.  *Id*. ¶ 15.

On September 20, Mr. Kwon was attending an industry conference in New York at which he was scheduled to speak when the SEC had a process server attempt to personally serve him with two investigative subpoenas, one directed to him and one to TFL.  *Id.* ¶¶ 16–17.  Later that day, the SEC staff emailed courtesy copies to Dentons, asserting that the subpoenas had been "served [that] morning personally" upon Mr. Kwon.  *Id.* ¶ 16.  The SEC staff did not ask Dentons if it would accept service on behalf of its clients, TFL and Mr. Kwon.  *Id.* ¶ 20.

3

On September 26, 2021, Dentons emailed the SEC staff to request a copy of the order pursuant to Rule 150(b) that the staff was required to obtain from the SEC before attempting to personally serve an individual represented by counsel. *Id.* ¶ 20. The SEC staff has never produced such an order. *Id.*

On October 22, Mr. Kwon and TFL filed their complaint against the SEC. ECF No. 1. The complaint asserts claims under the APA and the Due Process Clause of the Fifth Amendment on grounds that the SEC violated its own rules and denied them procedural fairness when it attempted to personally serve Plaintiffs (who were represented by counsel). On December 27, the SEC moved to dismiss the complaint for lack of subject matter jurisdiction. Securities and Exchange Commission's Memorandum In Support Of Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 22, the "Motion").

## ARGUMENT

### I. The Court Has Federal Question Jurisdiction Because Plaintiffs Have Asserted Claims Arising Under The APA And The Due Process Clause

28 U.S.C. § 1331 "confers jurisdiction over a suit that 'arises under' a 'right of action' created by the APA" and any suit arising under the Constitution. *Sharkey v. Quarantillo*, 541 F.3d 75, 84 (2d Cir. 2008); *Gupta v. SEC*, 796 F. Supp. 2d 503, 508 (S.D.N.Y. 2011). Plaintiffs' claims for relief arise under both.

"[G]overnment agencies are generally required to follow their own regulations," and "[w]hen agencies fail to do so, the APA (as developed by case law) gives aggrieved parties a cause of action to enforce compliance." *Fed. Defs. of New York, Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 130 (2d Cir. 2020); 5 U.S.C. § 702. Plaintiffs' APA claim seeks to enforce the SEC's compliance with its Rules Relating to Investigations and Rules of Practice governing its issuance and service of investigative subpoenas. Rule 150(b), made applicable to investigative subpoenas

4

by Rule 232(c), requires that "[w]henever service is required to be made upon a person represented by counsel … service shall be made … upon counsel, unless service upon the person represented is ordered by the Commission." 17 C.F.R. §§ 201.150(b), 201.232(c).

The complaint pleads that the SEC violated its rules. There is no question that TFL and Mr. Kwon were represented by counsel in connection with the SEC's investigation when the SEC attempted to personally serve Mr. Kwon in New York. Dentons cooperated with the SEC staff *for four months*, including negotiating a proffer agreement in which the SEC specifically acknowledged that Dentons represents TFL and Mr. Kwon, representing Mr. Kwon at his interview, and discussing a voluntary production of documents. There also is no question the SEC staff neither sought to serve the subpoenas through Dentons nor obtained an order from the Commission authorizing personal service on Mr. Kwon, as its own rules require. When an agency acts contrary to its own mandatory rules, its action is "arbitrary and capricious" in violation of the APA. *Brezler v. Mills*, 220 F. Supp. 3d 303, 327 (E.D.N.Y. 2016).

The SEC argues that the subpoenas are "non-final agency actions" and therefore not subject to judicial review under the APA. Motion 6 n.3. This argument fails for two reasons. *First*, this action does not challenge *the subpoenas*, it challenges the SEC's attempt to serve them in violation of its own rules. If that conduct is not sufficiently "final" to be reviewed, then there could be no basis for the SEC to have moved to compel compliance with the subpoenas. The SEC cannot have it both ways: If there is a basis for it to seek to compel compliance with the subpoenas, then its conduct in trying to serve them is subject to challenge.

*Second*, review under the APA is not limited to final agency actions — it extends to any "[a]gency action made reviewable by statute." 5 U.S.C. § 704. Administrative subpoenas are made reviewable by the APA itself. *Miami-Luken, Inc. v. United States Department of Justice*,

No. 1:16-mc-012, 2016 WL 3855205, at *4 (S.D. Ohio July 15, 2016) (exercising jurisdiction over APA claim seeking review of administrative subpoena issued under the Controlled Substances Act by Drug Enforcement Agency ALJ). Specifically, APA Section 555(d) "provides both for the issuance of administrative subpoenas, and for judicial review of contested administrative subpoenas," *id.*, stating that, "[o]n contest, the court shall sustain the subpoena or similar process or demand to the extent that it is found to be in accordance with law." 5 U.S.C. § 555(d); *see also* 5 U.S.C. § 555(c) ("Process, requirement of a report, inspection, or other investigative act or demand may not be issued, made, or enforced except as authorized by law."). Plaintiffs have therefore pleaded a claim under the APA challenging the SEC's attempt to serve the subpoenas as "arbitrary and capricious" and otherwise not "in accordance with law."

Plaintiffs also have pleaded a claim arising under the Due Process Clause. An agency violates a party's right to due process when it fails to follow regulations it has adopted to protect the interests of parties before it. *Calderon v. Sessions*, 330 F. Supp. 3d 944, 959 (S.D.N.Y. 2018); *Sameena Inc. v. U.S. Air Force*, 147 F.3d 1148, 1153 (9th Cir. 1998). Rule 150(b) prohibits personal service of a party represented by counsel in order to protect the interests of represented parties. The SEC's violation of Rule 150(b) therefore gives rise to a claim for denying Plaintiffs "fundamental procedural fairness." *County of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998).

Because this is an action to vindicate Plaintiffs' constitutional and statutory rights and "to bring an agency's conduct into conformity with 'existing valid regulations,'" the Court has federal question jurisdiction over Plaintiffs' claims. *Fed. Defs. of New York*, 954 F.3d at 130.

**II.     The APA Waives SEC Immunity From Plaintiffs' Claims**

The SEC's attempt to invoke sovereign immunity fails. "Section 702 of the APA waives the federal government's sovereign immunity in actions for non-monetary relief against an agency." *Sharkey*, 541 F.3d at 91 (citing 5 U.S.C. § 702). And because it waives sovereign

6

immunity in "any action" for non-monetary relief, Section 702 authorizes both APA and constitutional claims against an agency. *Gupta*, 796 F. Supp. 2d at 509. Section 702 therefore does precisely what the SEC argues it does not do.

Section 702's waiver of sovereign immunity in this case is not subject to the exception the SEC tries to rely on (Motion 5). Only where another statute, by its express terms or implicitly through its structure, "forbids" or "precludes" review does the APA not waive immunity and authorize suit. *Sackett v. E.P.A.*, 566 U.S. 120, 128 (2012) (citing 5 U.S.C. 701(a)(1)); *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 223 (2012) (citing 5 U.S.C. § 702).[2] Contrary to the SEC's assertion (Motion 5), Section 21 of the '34 Act (15 U.S.C. § 78u) is *not* such a statute.

Section 21 does nothing more than authorize the SEC to apply for the enforcement of subpoenas. It contains no language foreclosing an action under the APA seeking review of conduct by the SEC in violation of the agency's regulations. That Section 21 and Plaintiffs' claims both address "subpoenas" means nothing. The Supreme Court has never held "that some general similarity of subject matter can alone trigger a remedial statute's preclusive effect." *Patchak*, 567 U.S. at 223. Ultimately, Plaintiffs are "bringing a different claim, seeking different relief, from the kind [Section 21] addresses." *Id.* at 222. Nor does Section 21 preclude Plaintiffs' "garden-variety APA claim" or due process claim by implication. *Id.* at 220. There is no discernible congressional purpose in allowing the SEC to unilaterally decide whether its

---

[2]  The same analysis applies under APA Sections 701(a)(1) and 702. *Compare* 5 U.S.C. § 701(a)(1) (providing that the APA does not apply "to the extent … statutes preclude judicial review") *with* 5 U.S.C. § 702 (providing that the APA's waiver of sovereign immunity does not apply if "another statute that grants consent to suit expressly or impliedly forbids the relief which is sought").

attempt to serve subpoenas in violation of its own rules is subject to judicial review, nor does the SEC cite anything suggesting Congress intended to do so. Indeed, every statute cited by Plaintiffs *and the SEC* specifically contemplates judicial review, and none say anything inconsistent with judicial review.[3] Plaintiffs' claims are therefore not precluded by Section 21.

Nor does *Free Enterprise Fund v. Public Co. Accounting Oversight Bd.*, 561 U.S. 477 (2010) (cited at Motion 7) preclude Plaintiffs' claims. *Free Enterprise Fund* considered whether Section 25(a) of the '34 Act, which requires a "final order" and appeal to the Commission prior to judicial review, precluded the subject of an ongoing PCAOB proceeding from bringing a constitutional claim challenging the administrative proceeding in federal district court. *Id.* at 491. Neither Section 21 of the '34 Act nor Section 555(d) of the APA requires a "final order" or exhaustion of administrative remedies before a district court may review conduct related to the attempted service of administrative subpoenas. Section 25 is irrelevant because Plaintiffs are seeking review of *conduct* specifically prohibited by the SEC's own rules.

Section 702 therefore waives sovereign immunity and authorizes Plaintiffs' APA and constitutional claims for declaratory and injunctive relief.

### III. *Sprecher v. Graber* Is No Longer Good Law And, In Any Event, Is Inapplicable To This Case

The Court has subject matter jurisdiction here notwithstanding *Sprecher v. Graber*, 716 F.2d 968 (2d Cir. 1983), a case decided 40 years ago and prior to the Supreme Court's modern APA jurisprudence. Intervening Supreme Court precedent has made *Sprecher* no longer good

---

[3] When Congress intends to preclude judicial review, it knows how to do so. *See, e.g.*, 42 U.S.C. § 405 ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."). There is no similar language in Section 21 or any other relevant statute cited by the SEC, and thus standard canons of statutory construction nullify the SEC's argument.

law.  And to the extent it retains any precedential value, *Sprecher*'s holding that Section 21 of the '34 Act precludes an abuse of process claim against the SEC (*id.* at 970–71, 975) does not apply to Plaintiffs' APA and constitutional claims.

When Second Circuit precedent is "inconsistent with" an intervening Supreme Court decision, the Second Circuit decision is "no longer good law." *Wojchowski v. Daines*, 498 F.3d 99, 106 (2d Cir. 2007).  An intervening Supreme Court decision may overrule the rationale behind a Second Circuit decision and render it no longer good law even if the Supreme Court did not address the precise issue in the Second Circuit's holding.  *In re Zarnel*, 619 F.3d 156, 168–69 (2d Cir. 2010); *In re South African Apartheid Litigation*, 15 F.Supp.3d 454, 459–60 (S.D.N.Y. 2014).  When the Supreme Court held a Washington law that re-allocated federal benefits for foster children did not violate the Social Security Act's antiattachment provision, a Second Circuit decision invalidating a New York law that re-allocated Medicaid benefits among certain married couples was no longer good law because it applied an "expansive interpretation" of the same SSA provision the Supreme Court later interpreted "restrictively."  *Wojchowski*, 498 F.3d at 106–109.  *Sprecher* presents a similar situation.

*Sprecher* applied an interpretation of APA Section 702 that is incompatible with subsequent Supreme Court precedent.  *Sprecher* interpreted Section 702 to not waive immunity where there are "other limitations upon judicial review," and held that Section 21 of the '34 Act is a limitation that preserves immunity.  716 F.2d at 974–75.  But this "limitations upon judicial review" proviso is *not* a carve-out from Section 702's waiver of immunity.  After *Sprecher* the Supreme Court held that the proviso relied on by *Sprecher* "was added in 1976 simply to make clear that '[a]ll *other* than the law of sovereign immunity remain unchanged'" — in other words, "[t]he elimination of the defense of sovereign immunity did not affect any *other* limitation on

9

judicial review that would otherwise apply under the APA." *Darby v. Cisneros*, 509 U.S. 137, 153 (1993) (quoting S. Rep. No. 94–996, at 11) (emphasis added). As in *Wojchowski*, intervening Supreme Court precedent has overruled the statutory interpretation on which *Sprecher* rests.

The rationale behind *Sprecher*'s conclusion that Section 21 preserves the SEC's immunity with respect to administrative subpoenas also conflicts with later Supreme Court precedent. The panel reasoned that because Section 21 authorizes the SEC to enforce its subpoenas "judicial review was the subject of explicit legislation," and that while "dual and non-exclusive proceedings" were possible it found no congressional intent to *authorize* them. 716 F.2d at 975. But the Supreme Court has since held that the APA requires a finding of congressional intent to *forbid* or *preclude* a claim for non-monetary relief against an agency before holding that another statute (here Section 21) overrides Section 702's waiver of immunity. *Sackett*, 566 U.S. at 128 (citing 5 U.S.C. 701(a)(1)); *Patchak*, 567 U.S. at 223 (citing 5 U.S.C. § 702). And authorizing government-initiated enforcement proceedings does not by itself show Congress intended to preclude waiver and review under the APA. *See Sackett*, 566 U.S. at 127-31.

The Supreme Court's later cases thus make clear that *Sprecher*'s analysis was backwards. Contrary to *Sprecher*'s view that the APA sovereign immunity waiver's "applicability to modern regulatory agencies is limited" (*Sprecher*, 716 F.2d at 974), the Supreme Court has recognized that "[t]he APA … creates a presumption" in favor of waiver and review. *Sackett*, 566 U.S. at 127-131 (APA claim against Environmental Protection Agency not precluded). Because Section 21 neither expressly nor impliedly precludes non-monetary claims challenging the SEC's

10

conduct in attempting to serve subpoenas in violation of its own rules, Section 702 waives sovereign immunity and permits such claims.  *Sprecher* is thus no longer good law.

Even if *Sprecher* could be considered good law (it is not), it would not preclude the claims in this case.  *Sprecher* held that Section 702 did not waive sovereign immunity and "authorize a plenary abuse of process action" against the SEC.  716 F.2d at 974.  The claims in *Sprecher* challenged an entire SEC investigation as harassment and alleged breach of an agreement with the SEC not to issue subpoenas.  *Id.* at 970.  Plaintiffs' claims do not challenge the SEC's investigation or its power to issue subpoenas.[4]  Rather, Plaintiffs' claims challenge the SEC's conduct as being in violation of the agency's own rules, the APA, and the Constitution.  To the extent it has any viability, *Sprecher* must be limited to its facts, which are not analogous to this case.

## CONCLUSION

For all the foregoing reasons, the Court should deny the SEC's motion to dismiss for lack of subject matter jurisdiction.

Dated: New York, New York
       January 10, 2022

                              Respectfully Submitted,

                              By: */s/ Douglas W. Henkin*

                              Douglas W. Henkin
                              DENTONS US LLP
                              1221 Avenue of the Americas
                              New York, New York 10020-1089
                              Tel: (212) 768-6700
                              Fax: (212) 768-6800
                              douglas.henkin@dentons.com

---

[4] For similar reasons, the SEC's reliance on *Sprecher v. Von Stein*, 772 F.2d 16, 18 (2d Cir. 1985), and its discussion of subpoena enforcement proceedings as the venue "for testing the validity of the SEC's investigatory motives or methods" is also inapplicable. Plaintiffs are not challenging the SEC's "investigatory motives or methods," they are challenging the SEC's violation of its own rules.

Stephen J. Senderowitz  
DENTONS US LLP  
233 S. Wacker Drive  
Chicago, Illinois 60606  
Tel: (312) 876-8141  
Fax: (312) 876-7934  
stephen.senderowitz@dentons.com

*Attorneys for Plaintiffs Terraform Labs PTE Ltd. and Do Kwon*

## CERTIFICATE OF SERVICE

      I, Douglas Henkin, an attorney, hereby certify that on January 10, 2022, I electronically filed the foregoing **PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE SECURITIES AND EXCHANGE COMMISSION'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** by using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                     *s/ Douglas W. Henkin*
                                                     Douglas W. Henkin