Tracey Sasser, Associate General Counsel (not admitted in the State of New York)
Samuel M. Forstein, Assistant General Counsel (not admitted in the State of New York)
Kevin D. Solonsky, Senior Counsel (admitted pro hac vice)
United States Securities and Exchange Commission
Office of the General Counsel
100 F Street NE
Washington, DC 20549
Tel.: 202-551-5014 (Solonsky)
Fax: 202-772-9263
Solonskykd@sec.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERRAFORM LABS PTE LTD., DO KWON, | |
| Plaintiffs, | Hon. J. Paul Oetken |
| v. | 1:21-cv-08701-JPO |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Defendant. | |

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S
REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
<u>FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

The United States Securities and Exchange Commission ("SEC") respectfully submits this reply in support of its motion to dismiss for lack of subject matter jurisdiction. As the SEC explained in its motion to dismiss, this Court lacks subject matter jurisdiction over the complaint because the waiver of sovereign immunity in the Administrative Procedure Act ("APA") does not apply to plaintiffs' claims. Although the APA provides a limited waiver of sovereign immunity for claims against the Government, 5 U.S.C. 702, Congress did not waive sovereign immunity "where 'another statute provides a form of relief which is expressly or impliedly exclusive.'" *Sprecher v. Graber*, 716 F.2d 968, 974 (2d Cir. 1983). In *Sprecher*, this Circuit

1

determined that the exclusive remedy for challenging an SEC administrative subpoena is to defend against a subpoena enforcement action, so the APA does not waive sovereign immunity for suits seeking relief from SEC administrative subpoenas. *Id.* at 975.

In their response, plaintiffs attempt to distinguish between their claim that the SEC violated its rules in serving administrative subpoenas and the claim in *Sprecher* that the SEC lacked authority to subpoena documents due to alleged harassment. Plaintiffs provide no legal basis for this distinction, and they cannot because they can raise their service issues in response to a subpoena enforcement proceeding (as they have done in response to the SEC's pending subpoena enforcement proceeding). Plaintiffs' effort to draw meaningless distinctions is evident in their legal arguments. They argue that *Sprecher* is no longer good law, that even if *Sprecher* is good law, it is inapplicable to this case, and that *Free Enterprise Fund v. Public Co. Accounting Oversight Bd.*, 561 U.S. 477 (2010), is also inapposite, but those arguments are meritless, and the cases on which plaintiffs rely do not support their contentions.

## ARGUMENT

### I.      *Sprecher* remains good law.

Plaintiffs' argue that *Sprecher* is no longer good law because "the Supreme Court has since held that the APA requires a finding of congressional intent to *forbid* or *preclude* a claim for non-monetary relief against an agency before holding that another statute (here Section 21 of the Securities Exchange Act of 1934 (15 U.S.C. § 78u)) overrides Section 702's waiver of immunity." Dkt. 24 at 14. Plaintiffs disregard that *Sprecher* held that Section 21 evidences a congressional intent to preclude a proceeding to quash an SEC administrative subpoena and that subsequent cases within this Circuit have recognized that holding as good law. *See Arjent LLC v. SEC*, 7 F. Supp. 3d 378, 383-84 (S.D.N.Y. 2014) (relying on *Sprecher*, court dismissed suit to

enjoin SEC investigation on grounds of harassment because SEC has sovereign immunity from suit); *Finazzo v. SEC*, No. 08 CIV. 2176 (RJS), 2008 WL 3521351, at *1 , 4 (S.D.N.Y. Aug. 8, 2008), *aff'd*, 360 F. App'x 169 (2d Cir. 2009) ("The Court finds that *Graber* and *Von Stein* are controlling here" and suit to bar SEC from using claimed privileged information in investigation should be dismissed because SEC has sovereign immunity from suit); *see* Sprecher v. Von Stein, 772 F.2d 16, 18 (2d Cir. 1985) ("The exclusive method for testing the validity of the SEC's investigatory motives or methods is a contested subpoena enforcement proceeding under 15 U.S.C. § 78u(c)").

Moreover, the cases that plaintiffs cite say nothing to suggest *Sprecher* is not good law or that it is distinguishable from plaintiffs' case. Plaintiffs rely primarily on two cases: *Sackett v. E.P.A.*, 566 U.S. 120, 128 (2012) and *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 223 (2012). Both of those cases, like *Sprecher*, recognize that determining whether a statutory scheme precludes a claim under the APA depends on an analysis of the relationship between the claim asserted and any existing statutory scheme for addressing that claim. In *Sackett* and *Patchak*, the Supreme Court ruled that claimants were allowed to sue the Government because they had experienced legally significant harm and had no adequate alternative means for relief.

In *Sackett*, the Supreme Court determined that the claimant could bring an APA action against the Environmental Protection Agency ("EPA") to challenge the issuance of an EPA order because the claimant was accruing fines each day and had "no other adequate remedy in a court." *Sackett*, 566 U.S. at 125. In *Patchak*, the Supreme Court determined that the Government had waived sovereign immunity for claims against the Department of Interior ("DOI") challenging a decision by DOI to take a parcel of land for an Indian tribe. *Patchak*, 567 U.S. at 215-18. The

Supreme Court determined that the claimant was entitled to sue the Government because the method for challenging a property taking under the Quiet Title Act was not available to the claimant as he did not own the parcel at issue. *Id*. In this case, plaintiffs have not experienced harm "[b]ecause an SEC-issued subpoena is unenforceable absent a court order, and the subpoena enforcement proceeding provides an opportunity for judicial review of [ ] a subpoena's legitimacy." *Arjent,* 7 F. Supp. at 383 (citing *Sprecher,* 716 F.2d at 974–75). Given that plaintiffs are challenging the enforceability of subpoenas in the SEC's subpoena enforcement action, they have adequate means of relief. *See SEC v. Terraform Labs PTE, Ltd.*, No. 21-mc-00810 (S.D.N.Y).

Plaintiffs also rely on *Darby v. Cisneros*, 509 U.S. 137, 153 (1993), to support their argument that *Sprecher* is no longer good law. In *Darby,* the Supreme Court determined that a litigant was not required to exhaust administrative remedies before seeking judicial review under APA Section 10(c), 5 U.S.C. 704. Section 704 requires an appeal to a "superior agency authority" prior to judicial review only when "expressly required by statute," and the applicable HUD and National Housing Act statutes contained no such requirement. *Darby*, 509 U.S. at 145-47. *Darby* is inapposite because it concerns the exhaustion of administrative remedies rather than sovereign immunity and does not address the applicability of an alternative statutory scheme. Plaintiffs suggest that even though *Darby* did not discuss Section 702 of the APA, one statement in the case should be read to mean that the "limitations upon judicial review" proviso is *not* a carve-out from Section 702's waiver of immunity. Dkt. 24 at 13. Not only does the sentence they quote not make such a statement, but also one of the later Supreme Court cases they rely on states that Section 702 does function as a "carve-out" to the APA's waiver of sovereign immunity:

4

> the APA's waiver of immunity comes with an important carve-out: The waiver does not apply "if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought" by the plaintiff. That provision prevents plaintiffs from exploiting the APA's waiver to evade limitations on suit contained in other statutes.

*Patchak,* 567 U.S. at 215 (internal citations omitted).

In the present case, plaintiffs have an adequate statutory scheme for challenging the subpoenas at issue – litigating the subpoenas in a subpoena enforcement action. And plaintiffs are currently defending themselves in such an action and have not made any assertion that they cannot fully present their arguments therein. To allow plaintiffs to raise the same arguments to challenge the same subpoenas in separate federal actions would unduly burden the courts and present a variety of issues. As this Circuit stated,

> While the existence of dual and non-exclusive proceedings to challenge such matters is not unthinkable, it is sufficiently anomalous and disruptive of existing practice for us to call for some specificity of purpose to that end on Congress's part. No such purpose is evident.

*Sprecher*, 716 F.2d at 975.

## II. *Sprecher* is applicable to this case.

Plaintiffs argue that, even if *Sprecher* remains good law, *Sprecher* "must be limited to its facts, which are not analogous to this case." In *Sprecher*, the plaintiff sued the SEC claiming that the SEC issued an administrative subpoena in order to harass him. In the present case, plaintiffs contend the service of administrative subpoenas did not conform with SEC rules. Although the challenges differ slightly, there is no material distinction between them in terms of whether sovereign immunity should be invoked. In both cases, claimants contested an SEC subpoena issued in connection with an investigation and were able to raise their arguments as a defense in a subpoena enforcement action. And as with *Sprecher*, plaintiffs cannot point to any argument they could make in the present action but not in the subpoena enforcement action. Plaintiffs, in

5

fact, raise the same arguments in their response to the SEC's application for an order to show cause as they do in their complaint here. In both matters, plaintiffs argue that the SEC violated SEC rules in serving Do Kwon personally with the subpoenas (Response to Application at 9-15; Complaint at ¶¶ 1, 18-20, 23, 27-30) and that the SEC's service of subpoenas on Kwon did not secure personal jurisdiction over Kwon or Terraform (Response to Application at 15-17; Complaint at ¶¶ 18, 21, 22, 24).

### III. *Free Enterprise Fund v. Public Co. Accounting Oversight Bd.*, 561 U.S. 477 (2010), precludes plaintiffs' constitutional claim.

As the SEC acknowledged in its motion, in some situations courts have allowed constitutional claims to proceed without compelling a plaintiff to rely on a statutory review procedure. But plaintiffs fail to satisfy the prerequisites for circumvention of a statutory review scheme, which are set forth in *Free Enterprise Fund v. Public Co. Accounting Oversight Bd.*, 561 U.S. 477, 489 (2010). Plaintiffs attempt to distinguish *Free Enterprise Fund* on the basis that the statutory scheme at issue in that case required a final order before review was possible. The key issue regarding the *Free Enterprise Fund* test, however, is not whether the separate statutory scheme requires a final order but whether there is a separate statutory scheme that provides an adequate mechanism for review. Here, plaintiffs were not precluded from "all meaningful judicial review," and they have not identified any issue they have with presenting their arguments in a subpoena enforcement action (as they have done).

## **CONCLUSION**

For the foregoing reasons and the reasons set forth in the SEC's motion to dismiss, this Court should dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Date:  January 18, 2022          /s/ Kevin Solonsky
                                  Kevin Solonsky
                                  Senior Counsel